# DANVILLE *v.* BROWN.

ORIGINAL MOTION IN A CASE PENDING IN THIS COURT ON APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 1109. Submitted November 26, 1888. — Decided December 3, 1888.

In computing the " sixty days after the rendition of judgment," allowed by Rev. Stat. § 1007 to a party appealing from a judgment of a Circuit Court to give the security required by law, Sundays are excluded.

Motion to vacate a supersedeas. The case is stated in the opinion.

*Mr. Frank P. Clark* for the motion.

*Mr. George C. Cabell* and *Mr. H. H. Marshall* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

This is a motion to vacate a supersedeas, "for the reason that the bond was not filed within the time prescribed by statute."

The decree was entered March 29th, 1888, and concludes as follows: "And the defendant, the town of Danville, prays an appeal from the aforesaid decree in open court, and it is allowed, and if a supersedeas is desired the amount of the bond is fixed at one hundred thousand dollars." On the 31st of May the appeal bond of the town in the sum of one hundred thousand dollars was duly approved by the circuit judge, and citation signed; but the bond was not filed in the clerk's office until June 1st.

Appeals from the Circuit Courts are "subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error." Rev. Stat. § 1012.

Section 1007 of the Revised Statutes reads thus: "In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ or [of] error, by lodging a copy thereof for the adverse party in the clerk's office, where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward, with the permission of a justice or judge of the appellate court.".

The bond here was filed within sixty days, excluding Sundays, and the appeal was thereby perfected; but it is contended that the exclusion of Sundays by the words of the statute

applies only to the lodging of the copy of the writ of error or the taking of the appeal, and not to the giving of security to operate as a supersedeas. We do not think so. The service of the writ of error must be within sixty days, "Sundays exclusive;" and the party appealing may, "having served his writ of error as aforesaid," give the security required by law to stay process upon the judgment "within sixty days" after the rendition of such judgment, or afterward, by special permission. This can only mean that he may give the security and so obtain the supersedeas within the same sixty days which is allowed him to serve the writ, or otherwise he would not have the time specifically allowed by the statute for such service.

At common law Sunday was *dies non juridicus*, and no strictly judicial act could be performed upon that day; and this was recognized in the Judiciary Act, which expressly excluded Sundays in the computation of the ten days within which a supersedeas could be obtained. 1 Stat. c. 20, §§ 22, 23, pp. 84, 85.

By the 11th section of the act of June 1, 1872, 17 Stat. 198, c. 155, it was provided "that any party or person desiring to have any judgment, decree, or order of any District or Circuit Court reviewed on writ of error or appeal, and to stay proceedings thereon during the pendency of such writ of error or appeal, may give the security required by law therefor within sixty days after the rendition of such judgment, decree, or order, or afterward with the permission of a justice or judge of the said appellate court." This enlarged the ten days to sixty, and permitted security to be given afterward, provided, however, that the writ had been served or appeal taken within the sixty days. *Kitchen* v. *Randolph*, 93 U. S. 86. And when these provisions were carried into the Revised Statutes in § 1007, the words "Sundays exclusive" of the original act, being re-enacted in the first clause of the section, became clearly applicable to the second also.

As the bond was given in the amount specified in the decree, and was approved and filed in time, the motion to vacate the supersedeas will be

*Denied.*