## SHEFER et al. v. MAGONE, Collector of Customs.

*(Circuit Court, S. D. New York.    October 22, 1891.)*

CUSTOMS DUTIES—SERVICE OF PROTEST.

In computing the time within which a protest required by Rev. St. U. S. § 2931, must be served upon the collector, if the tenth day falls on Sunday, that day cannot be excluded, and service of such protest on the Monday following is not a sufficient compliance with the requirements of said section.

At Law.

The plaintiffs imported and entered at the port of New York six several importations of women's dress goods between March 26, 1889, and February 6, 1890. The defendant, as collector of customs at the port of New York, levied and collected duties thereon at 9 cents per square yard, and 40 per cent. *ad valorem*, under Schedule K of the tariff act of March 3, 1883, (Tariff Ind. par. 365.) The plaintiffs protested, claiming that such dress goods were composed in part of wool, and were dutiable under the same schedule at 5 cents per square yard and 35 per cent. *ad valorem*. In making up a statement for refund, the collector rejected the entry per Normandie of February 6, 1889, covering the amount of $628.74, for the reason that the protest as to such entry had not been served within 10 days after the liquidation thereof, as required by section 2931, Rev. St. U. S. The entry was liquidated February 28, 1889. The importers served their protest upon the collector on March 11, 1889. March 10, 1889, was a Sunday. The contention of the plaintiffs was that, where the tenth day expired on a Sunday, they had the succeeding Monday in which to serve their protest.

*Howard Vansinderen*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge, (*orally.*) Section 2931 of the United States Revised Statutes provides that, if the owner, importer, consignee, or agent of imported merchandise be dissatisfied with the collector's decision as to the rate and amount of duties to be paid thereon, he shall, within 10 days after the ascertainment and liquidation of the duties by the proper officers of the customs, give notice in writing to the collector on each entry, setting forth therein, distinctly and specifically, the grounds of his objection thereto. The statute fixes the time within which the importer must serve his protest. There is no statute extending this time, or providing that, if the last day within which the importer is allowed to serve his protest shall fall upon a Sunday, service thereof may be made upon the following Monday. Congress has undertaken to regulate the whole subject in section 2931, and its legislation is necessarily exclusive. *Arnson* v. *Murphy*, 109 U. S. 238, 3 Sup. Ct. Rep. 184. The weight of authority upon this question seems to be that in computing the time within which an act required by any statute must be done, if the last day falls on a Sunday, it cannot be excluded,

and the act done on the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation. *Dorsey* v. *Pike,* 46 Hun, 112; *Pearpoint* v. *Graham,* 4 Wash. C. C. 232, 241; *In re York,* 4 N. B. R. 479, 482; *Davies* v. *Miller,* 130 U. S. 284, 287, 9 Sup. Ct. Rep. 560. In the law regulating bankruptcy proceedings, congress has provided (Rev. St. U. S. § 5013) that in the computation of time limited by such laws, or by orders of court thereunder, the last day shall be excluded when such day falls on Sunday, Christmas day, etc. If they had intended a similar rule to apply to the filing of protest under section 2931, they would have said so, and, in the absence of such provision of statute, the usual rule must apply. The unreported decision in the first circuit, cited on the argument by plaintiffs' counsel, does not apply. There the collector at the port of Boston closed his office on the 17th of June, which was not a *dies non* by federal law, and it was held that a filing on the ensuing day was timely. In that case he had arbitrarily made the filing of the protest impossible on a day when congress assumed it could be filed. But congress certainly did not suppose it could be filed on a Sunday, and, not having extended the time beyond such day, the court will not do so. It appears also that the practice of the treasury department has been uniform in rejecting all protests served on the eleventh day after the liquidation of the duties, where the tenth day has fallen on a Sunday. Syn. Tr. Dec. 3139. The action of the collector in rejecting this protest by the Normandie of February 6, 1889, must therefore be sustained.