HERMANN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 31, 1895.)

No. 1,743.

CUSTOMS DUTIES — ORDER FOR RETURN OF GOODS TO PUBLIC STORES—COMPUTATION OF TIME.

    In computing the 10 days within which the order of the collector for return of goods to the public stores, under Rev. St. § 2899, must be served upon the importer, if the tenth day falls on Sunday, that day cannot be excluded, and service of such notice on the Monday following is not sufficient. Shefer v. Magone, 47 Fed. 872, followed.

This was an application by Hermann, Sternbach & Co., importers of certain merchandise, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise. The imported goods are manufactures of cotton. The collector assessed them erroneously under paragraph 394 of the tariff act of 1890. He refused to classify them under paragraph 348 of the same act, for the reason that they had not been returned to the public stores, pursuant to the order of the collector under section 2899 of the Revised Statutes. The board of general appraisers sustained the action of the collector.

Stephen G. Clarke, for importers.

James T. Van Rensselaer, Asst. U. S. Atty., for collector.

COXE, District Judge (orally). It is not disputed by the collector that the sample of the imported goods produced by the importers is a manufacture of cotton. If the case of goods in question was composed, as the importers testified it was, of like goods, the duty imposed by the collector was improperly imposed, unless the importers by reason of their subsequent conduct are estopped from showing what their importation actually was. The only question for the court to determine is whether or not the order which the law required the collector to give to the importers to return the case of goods in question to the public stores was given within the 10 days required by law after the packages designated by the collector and sent to the public stores to be opened and examined had been appraised and reported to him. This date, it is conceded, was January 26, 1893. The 10 days, if the above date is included in the computation, would expire on the 4th day of February, and if excluded it would expire on the 5th day of February The 5th day of February, 1893, was Sunday. There is absolutely no proof of which the court can predicate a finding of fact that the notice mailed by the collector to the importers for a return of the goods in question was served upon the 4th day of February. If the court is permitted to indulge in speculation and guesswork, it is probable that the notice was mailed on that day, but the only evidence of its receipt comes from the importers, and is to the effect that it was received Monday morning, February 6th. There is no analogy between the giving of the actual order which was here necessary and the service of notices by mail in actions at law governed by special statutes. The law required the goods to be returned upon the order of the collector, and it is manifest that until the order was received by the importers they were not required to act and could not act. Was the order given to the importers on February 6th in time, or, in other words, was it within 10 days from January 26, 1893? The answer depends upon whether or not the court can consider Sunday a dies non, and include Monday within the 10 days. The analogy to the practice of the law courts cannot be considered in determining this question. As matter of fact Monday was not within the 10 days. The precise point was determined with reference to a protest in Shefer v. Magone, 47 Fed. 872. I shall

hold therefore that the order of the collector to be available should have been made at some time prior to Monday, February 6th. I am entirely clear upon the proof that no order was received by the importers prior to that time, and I shall hold that the decision of the board of general appraisers should be reversed, and that the merchandise in question, contained in parcel 18,230, should be classified and assessed for duty as cotton cloth under paragraph 348 of the act of 1890.