UNITED STATES v. THOMPSON-STARRETT Co. (No. 2263).[1]

1. COMPUTATION OF TIME FOR APPEAL—SUNDAY.

   The fact that the last of the 60 days allowed by paragraph 198 of the Judicial Code for appeal to this court is Sunday does not extend the time so as to include the next day.

2. "FILING"—MAILING.

   The *mailing* of an application for review by this court is not the "filing" prescribed by paragraph 198 of the Judicial Code. It is incumbent upon an appellant to have it in the office of the clerk of the court within the time allowed.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45633.

[Dismissed.]

*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson* and *Charles D. Lawrence,* special attorneys, of counsel), for the United States.

*Brooks & Brooks* (*Frederick W. Brooks, jr.,* and *Ernest F. A. Place*) for appellee.

---

[1] T. D. 39896.

[Oral argument October 3, 1923, by Mr. Lawrence and Mr. Place.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

The judgment of the Board of United States General Appraisers in this case was entered on January 31, 1923. The application to the Court of Customs Appeals for review was dated March 31, 1923, which was on Saturday, and it is shown by affidavit filed by appellant that it was mailed on that date, before noon, at the city of New York, addressed to the clerk of the court at Washington, D. C.

It was filed in the office of the clerk of the Court of Customs Appeals, as shown by the record, on April 2, 1923, which was on Monday, the sixty-first day after the entering of the judgment. April 1, 1923, fell on a Sunday.

The appellee has moved to dismiss the appeal.

Paragraph 198 of the Judicial Code reads as follows:

If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said board, they or either of them may within 60 days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision; * * * Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of. * * *

Tariff act of 1922, section 515, Title IV, is as follows:

If the collector shall, upon such review, affirm his original decision, or, upon the filing of a protest against his modification of any decision, the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the Board of General Appraisers for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs Appeals within the time and in the manner provided by law.

It seems that the above statement of fact presents two questions for this court's determination. First, where a statute prescribes that a document shall be filed in the office and does not set out what shall be regarded as filing, is it a sufficient filing to deposit the document in the mail before the expiration of the time limit? Second, where the last day of the period in which appeals may be filed falls on Sunday, is it sufficient to file on the following Monday?

This court has passed upon both of these questions under circumstances very similar indeed to the questions at hand. In Psaki Bros. *v.* United States (3 Ct. Cust. Appls. 479; T. D. 33122) the facts were as follows: The entry was liquidated on the 16th day of January,

1908; the tenth day thereafter fell on Sunday. Section 14 of the customs administrative act of 1890, then in force, provided in relation to protests that the protestant "shall within ten days * * * give notice in writing to the collector" of the material facts, etc. An envelope inclosing the protest and a letter on behalf of the protestant, in which letter it was stated that "We find the protest desk at the customhouse closed at this time on Saturday afternoon, and are accordingly mailing the protest to you," was addressed to the collector, and sent to him by special delivery, and was deposited in the mail at 4.30 p. m. Saturday. It was received at the customhouse by the watchman then on duty at 6.48 Saturday, and found its way into the correspondence room of the customhouse, where it was opened by the proper officer and stamped "Received, January 27, 10.17 a. m., 1908, correspondence room, N. Y. customhouse."

The court did not have before it the validity of the protest if it had been presented at the customhouse between 3 and 4.30 p. m. on Saturday.

Upon this statement of facts, after a general review of the decisions applicable, the court held:

It is not claimed, and we know of no authority which holds or statute which declares, that the depositing a protest in the mail within the ten days, duly addressed to the collector, is a filing the same with him within that time. It may seasonably reach him, or it may not, and the burden is on the importer to show that it does. Such seems to have been the ruling of the Board of General Appraisers (T. D. 13204; T. D. 13367), and we think it is sound law. Had Congress intended the mere mailing of a protest to be a sufficient and timely service thereof it would undoubtedly have so provided.

We think this answers the first question definitely, and the fact that in the case at bar the application was mailed during office hours is immaterial.

On the second question the court held:

We think the protest in this case can not, by reason of its filing on Monday, be held to be seasonable.

In arriving at this conclusion, the court distinguished Shefer v. Magone (47 Fed. 872) and Monroe Cattle Co. v. Becker (147 U. S. 47), and cited numerous authorities in support of its decision. On page 481 the court said:

The Shefer case, supra, seems to have been followed in Hermann v. United States (66 Fed. 721), decided in the same circuit court in 1895, in which case Judge Coxe gave an oral opinion, although the question involved was not that of protest, but related to the giving of an order to the importer by the collector for the return of goods to the public stores. It was held that when the last of 10 days within which such order might be given expired on Sunday the order could not be given on the next secular day, and it was said that the precise point was determined in the Shefer case.

The Board of General Appraisers appear to have uniformly followed and adhered to this view of the law. See In re Pollman (T. D. 16723), decided in 1895: Mowat's

case (T. D. 21628), decided in 1899; and Bolognesi's case (T. D. 26414), decided in 1905.

These authorities afford convincing evidence that the precise question before us, whenever it has been before the courts or other tribunals, has been uniformly decided contrary to the appellant's contention. The fact that the question has been litigated demonstrates that the administrative officers having charge of the enforcement of the customs laws have uniformly contended for the same interpretation as they claim here. That such has actually been the departmental construction of the statute is clearly shown by a reference to the rulings in T. D. 3139 (1877); T. D. 7858 (1886); and the Customs Regulations, 1884, article 363; 1892, article 938: 1899, article 1460; 1908, article 1069.

Not only this, but in Johnson *v.* Myers (54 Fed. 417), decided in the Eighth Circuit Court of Appeals in 1893, and in Myers *v.* Hot Springs Co. (169 Fed. 628), decided in the Ninth Circuit Court of Appeals in 1909, involving motions to dismiss appeals upon the ground that the same were not taken within six months, it was held upon a somewhat careful review of the authorities, that, when the last day of the six months fell upon Sunday the appeals must be taken the preceding day. In substance, the law was said to be that, when the statute prescribed a limited time for the doing of an act, the courts were without power to extend the time so fixed, where in a given case the last day of the prescribed time happened to fall on Sunday.

In the latter of these two cases, the Shefer and Johnson decisions, supra, were cited in support of the court's conclusion.

It must be admitted that such a uniform departmental practice in that regard and a consistent construction of the statutes by the courts for the length of time shown are of great weight in determining the question before us; and especially is this so when it is considered that since Judge Lacombe's decision at least two important tariff acts have been placed upon the statute books with no suggestion therein that the Congress intended to correct an erroneous construction or interpretation thereof, which it was charged with knowledge had obtained, or to extend the time of filing the protest when the last day of the time fixed therefor by the statute fell on Sunday. (Pp. 481–482.)

As a general proposition of law it seems clear that unless the statute specifically prescribes that depositing in the mail is sufficient filing, it will not be regarded as a compliance with the statute which prescribes that the filing must be at a definite place and within a specified time. The Psaki Bros. case, supra, construed a statute passed in 1890. A number of tariff acts have been passed since that date, but Congress has not seen fit to prescribe that "mailing" is sufficient "filing," which strengthens our belief that Congress intended an actual physical filing of the applications for review in the office of the clerk. Continued administrative practice and construction of the statute point to the correctness of the foregoing conclusions.

It follows that the application for review not having reached the clerk's office until the sixty-first day, the appeal to this court was not "within the time and in the manner provided by law," and therefore must be dismissed.

The appeal is therefore *dismissed.*