## In re YANOF.

No. 145405.

District Court, N. D. Illinois, E. D.

Jan. 29, 1937.

Arthur J. Goldberg, of Chicago, Ill., for William A. Yanof.

Fred J. Schlotfeldt, Director of Immigration and Naturalization, of Chicago, Ill., for the Government.

HOLLY, District Judge.

The petitioner filed his declaration of intention on May 3, 1929, and his petition for naturalization on May 4, 1936. The last day of the seven-year period allowed by law for filing his petition fell on Sunday, May 3, 1936. The District Director of Immigration and Naturalization contends that the petition was filed too late and should therefore be dismissed. The sole question to be decided is whether Sunday is to be included or excluded in the computation of the time within which the petition should be filed. In 26 R.C.L. 750, it is stated that "the great weight of authority is that in computing the time within which an act may be required by any statute must be done, if the last day falls on Sunday, it cannot be excluded and the act done on the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation or the intention of the legislature to exclude it is manifest; and the last day of performance is on the preceding Saturday." The cases sustain this statement. Town of Danville v. Brown, 128 U.S. 503, 9 S.Ct. 149, 32 L.Ed. 507; Meyer v. Hot Springs Improvement Co. (C.C.A.) 169 F. 628, 629; Siegelschiffer v. Penn. Mutual Life Insurance Co. (C.C.A.) 248 F. 226, 229; Maresca et al. v. U. S. (C.C.A.) 277 F. 727.

In Meyer v. Hot Springs Improvement Co., supra, the court said:

"At common law, when Sunday is the last day of the time within which an act is to be performed under a contract, it is excluded, and performance on Monday is allowed. Hammond v. American Mut. Life

Ins. Co., 10 Gray (Mass.) 306; Salter v. Burt, 20 Wend.(N.Y.) 205, 32 Am.Dec. 530; Pressed Steel Car Co. v. Eastern Ry. Co., 121 F. 609, 57 C.C.A. 635. So, in construing rules of court in respect to time for pleading and other matters of mere practice, if the last day fall on Sunday, the whole of the next day is allowed within which to perform the required act. Anonymous, 2 Hill (N.Y.) 375, and cases there cited. But while courts may construe their own rules equitably and extend the time therein limited, they have no such power as to statutes, and the decided weight of authority is that when the act is to be done within a time fixed by statute, and the last day thereof falls upon Sunday that day will not be excluded, unless a different rule for computing the time is also provided by statute. Alderman v. Phelps, 15 Mass. 225; Ex parte Dodge, 7 Cow.(N.Y.) 147; Drake v. Andrews et al., 2 Mich. [203] 204; Pearpoint and Lord v. Graham, 4 Wash.C.C. 232, Fed.Cas.No.10,877; Shefer et al. v. Magone (C.C.) 47 F. 872; Johnson et al. v. Meyers et al., 54 F. 417, 4 C.C.A. 399; Hermann v. U. S. (C.C.) 66 F. 721. While the codes and statutes of most of the states provide for the exclusion of Sunday when it is the last day within which an appeal may be taken or other act performed under statutory authority, Congress has made no such provision in reference to appeals from any of the federal courts. The fact that it has made such provision specially as to certain other proceedings is to be taken as indicative of its intention to limit the same to those proceedings. Shefer et al. y. Magone (C.C.) 47 F. 872."

In Siegelschiffer v. Penn Mutual Life Insurance Co., where the period fixed by statute for suing out a writ of error expired on Sunday, the court said:

"The theory is that, when the period within which an act is to be done is less than seven days, there is reason to think that juridical days are intended, and that Sunday following within such time should be excluded, but that, where the time limited is such that one or more Sundays must fall within it, the court should not extend the time fixed by excluding the last, the first, or any intermediate Sunday. There are Sundays in every month, and they are as much a part of the month as Saturdays, and there is no more reason for excluding the last Sunday than the intervening Sundays, and if the intervening Sundays were to be excluded we should extend thereby the time limited another month."

The question involved in this case was presented to a District Court of Oregon in Re Anttonen, 293 F. 473, 474. There the last day for filing the petition fell on Saturday. The petitioner found the clerk's office closed and could not file his petition until the following Monday. In holding that it was filed too late, the court said:

"The Naturalization Act, viewed as prescribing a procedure, by reason of its specific language negativing the right to petition for citizenship after the expiration of seven years—the language being 'nor more than seven years'—should receive an exact interpretation, as it subserves the manifest intendment of Congress."

Petitioner relies chiefly on two cases, Street v. U. S., 133 U.S. 299, 10 S.Ct. 309, 311, 33 L.Ed. 631, and Tutun v. U. S., 270 U.S. 568; 46 S.Ct. 425, 70 L.Ed. 738. In the first-named case, the question involved was the authority of the President of the United States to fill certain vacancies in the army which might occur prior to January 1, 1871. That day fell upon Sunday and the vacancy was filled on Monday. Many questions other than the expiration of the time limited for filling the vacancies were involved in the case. As to the question of time, the court said only this:

"Again, it must be noticed that the 1st day of January was Sunday,—that is, a dies non; and a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day. So that it is a matter worthy at least of consideration whether the power was not exercised within the very limits of time prescribed by the act."

In the other case upon which petitioner relies, Tutun v. U. S., supra, the court says that the application for naturalization is not an administrative proceeding, but is a judicial proceeding. That, however, does not effect the question of time within which the petition must be filed in the courts. Other cases cited by petitioner relate to time of filing cases under rule of court and are not applicable here where the question involved is the computation of time fixed by statute.

■ It may seem a harsh rule to deny petitioner that right of citizenship (there is no question here of his other qualifications)

merely because he filed his petition on Monday instead of Saturday, but the statute gave him a period of five years within which to file the petition. If he neglected to file until one day after the expiration of that period, the fault is his not the courts. An order will be entered accordingly on Friday, January 29, 1937.