**In re B & M CONTRACTORS, INC., a corporation, Bankrupt.**

**Martha T. ROPER, as Trustee of the Bankrupt Estate of B & M Contractors, Inc., a Corporation, Plaintiff,**

**v.**

**Burey S. HARDEMAN, as President of B & M Contractors, Inc., and Farmers & Merchants Bank, Defendants.**

**Bankruptcy No. 78–03433–M, Supp. File "E".**

United States Bankruptcy Court, N. D. Alabama.

Dec. 27, 1979.

Martha T. Roper, Guntersville, Ala., for trustee.

Jack Floyd, Floyd, Keener & Cusimano, Gadsden, Ala., for defendants.

## STATEMENT OF THE CASE

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled adversary proceeding was instituted in this straight bankruptcy case by a complaint filed by the trustee in bankruptcy, seeking to have the Court set aside a security interest granted by the bankrupt to the defendant Farmers & Merchants Bank, in the bankrupt's 1977 model GMC truck (having Serial No. TCS247B527156), to secure the payment of a loan of $8,000.00 which said bank made to

the bankrupt, on January 16, 1978. The trustee alleges in very general terms that the bank's security interest was produced by a voidable, preferential transfer of property of the bankrupt, as defined in § 60 [1] of the Bankruptcy Act, or a fraudulent transfer, as defined in § 67a(1) [2] of the Bankruptcy Act.

The bank denies the trustee's contentions and has attached to its answer two security agreements dated, respectively, January 16, 1978, and September 19, 1978, and a certificate of title for the vehicle, issued September 11, 1978, and showing the bank to be the holder of a lien dated July 1, 1978.

At the pre-trial conference held in this proceeding, on November 21, 1979, the trustee in bankruptcy and the attorney for said bank and the other defendant conferred and advised the Court that the bank was entitled to the vehicle if the terminology "within four months before the filing . . . of [the] petition", in § 60a(1) of the Bankruptcy Act means 120 days but that the trustee would be entitled to the truck if this terminology means four calendar months, the bankruptcy petition in this case having been filed on November 1, 1978. The plaintiff and the attorney for the defendants then submitted this proceeding to the bankruptcy judge for a decision, based upon the agreed-upon issue in the case, as stated above.

In § 60a(2) of the Bankruptcy Act, it is stated that the transfer of personalty shall be deemed to have been made at the time when it became perfected against the attachment of subsequent liens obtained by legal or equitable proceedings on a simple contract. Under *Code of Alabama* section 32–8–61(b) [3], perfection of a security interest in a motor vehicle such as the one involved here is obtained by ". . . delivery to the department [of Revenue] of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder

---

1. Formerly, 11 U.S.C. § 96.

2. Formerly, 11 U.S.C. § 107(a)(1).

3. Code of Ala. (1975), Cum.Sup. (1979) (Acts 1977, No. 252, § 2).

and the date of his security agreement and the required fee. . . ." Unfortunately in the present context, an Alabama certificate of title does not yield the information required for determination of the date of perfection of the lien or security interest in the motor vehicle.

It is not necessary, however, for the bankruptcy judge to divine this information in the present proceeding. The parties have requested that the bankruptcy judge dispose of this proceeding by a decision upon the single question submitted. This is, in effect, a request that the case be disposed of as if upon opposing motions for summary judgment.

## DETERMINATION OF THE QUESTION PRESENTED

The attorney for the defendants, in a memorandum submitted to the Court, contends that the word "month" denotes a period terminating with the day of the succeeding month which numerically corresponds to the day of the beginning of the period, less one day. For this proposition, the attorney cites the case of *Matter of Custer*, 55 F.2d 718 (S.D.Ohio, 1931), but the statement was made with reference to the word "month", as defined in the treatise *Words and Phrases*, rather than with reference to the plural word "months" with which the Court was dealing.

Employing the mechanical application of this statement, as urged by the attorney for the defendants, one day would be deleted for each month comprising any period of more than one month. This is not a correct application of the method for computing time stated in terms of more than one month. The judge in the case cited correctly computed the time involved and found that a mortgage filed for record August 18, 1930, was filed less than four months before the date of bankruptcy, on December 16, 1930.

In his memorandum submitted to the Court, the attorney for the defendants has,

of course, departed from his original proposition that "within four months before the filing" of the bankruptcy petition, in § 60 of the Bankruptcy Act, means 120 days. Neither that contention nor the contention in the attorney's memorandum is correct.

It has been well settled, for at least forty years, and as stated by the Court of Appeals for the Fourth Circuit, in *Bell v. West*[4], that the period of time within which a transfer may constitute a preferential transfer of the bankrupt's property is the four-month period computed by excluding the day of the transfer and including [where necessary] the day the bankruptcy petition was filed.

Computation of time is the subject of § 31 of the Bankruptcy Act;[5] however, it purports to deal only with time periods which are enumerated by days. Additionally, it is superseded by Bankruptcy Rule 906(a), which adopts the provisions of Rule 6(a) of the Federal Rules of Civil Procedure. The latter rule states, as applicable here, that the day of the *event* from which the designated period of time begins to run shall not be included but that the last day of the period so computed shall be included, unless it be a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next business day.

It appears to the bankruptcy judge that none of the authorities makes a literally-correct application of the governing rules, although the results are the same. The event here (from which the period of time runs) is the filing of the bankruptcy petition, not the transfer of the bankrupt's property. The statute defines the preferential-transfer period as being "within four months before the filing" of the bankruptcy petition; thus, the period should be calculated by excluding the day on which the petition was filed and counting back so as to include the corresponding day of the fourth preceding month. When no such corresponding day exists, a question is

---

4. 44 F.2d 161 (C.C.A., 4th Cir., 1930). See 3 (Part 2) Collier, Bankruptcy ¶ 60.32, at p. 900 (14th ed.rev. 1975).

5. Formerly, 11 U.S.C. § 54.

presented which is not involved in the instant case. Once the period of four months before the filing of the bankruptcy petition has been ascertained, the sole question is whether the transfer is deemed to have taken place on a day within the proscribed period.

The bankruptcy judge concludes that the four months before the filing of the bankruptcy petition, on November 1, 1978, in this case reaches back to include July 1, 1978, and, that being a Saturday, also includes June 30, 1978. The bankruptcy judge determines that four months before the filing of the bankruptcy petition does not mean, at least in the present case, 120 days but that it means four calendar months. Accordingly, a judgment will be entered in favor of the plaintiff.