**In re ENTERPRISE FABRICATORS, INC., Debtor.**

**Irwin A. DEUTSCHER, Trustee, Plaintiff,**

v.

**O'NEAL STEEL CORPORATION, Defendant.**

**Bankruptcy No. 379–01793.
Adv. No. 383–0510.**

United States Bankruptcy Court, M.D. Tennessee.

Dec. 30, 1983.

**48.** *See supra* note 46.

Dearborn & Ewing, John M. Brittingham, Nashville, Tenn., for plaintiff.

Gullett, Sanford & Robinson, Allen D. Lentz, Barbara J. Moss, Nashville, Tenn., for defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether calculation of the 90-day period of 11 U.S.C.A. § 547(b)(4) (1979) should be determined by counting backward from the filing date of the debtor's petition or forward from the effective date of the transfer challenged as preferential. The trustee contends that Bankruptcy Rule 9006(a) is applicable and that the rule requires a forward count from the date of the transfer. Defendant maintains that the 90-day period must be determined by counting backward, commencing the count with the day before the filing of the debtor's petition. Further, defendant maintains that Bankruptcy Rule 9006(a) cannot be applied to alter the 90-day period of Code § 547(b)(4) regardless of whether the proper method of computation is by counting backward or forward.

### I

Since the facts are undisputed the issue is before the court on defendant's motion for summary judgment. The debtor's bank-

ruptcy petition was filed on October 1, 1979. Previous thereto, on May 10, 1979, the debtor issued a check to defendant in the amount of $113,350.91 as payment for steel shipped in February 1979. Debtor's check, however, was not delivered to the defendant until June 29, 1979. The check was deposited on the date of delivery and paid by the drawee bank, First National Bank of Sullivan County, on July 2, 1979. The trustee's complaint, although not filed until August 17, 1983, is within the limitations period of 11 U.S.C.A. § 546(a) (1979).[1]

Contending that the $113,350.91 payment to defendant is a preference avoidable under 11 U.S.C.A. § 547(b) (1979), the trustee seeks judgment in an amount equalling the payment plus interest and costs. Several defenses have been asserted. On October 27, 1983, defendant filed a motion for summary judgment on the grounds that the transfer which the trustee seeks to avoid occurred at least 91 days prior to the filing of the debtor's petition. Defendant's computation is based on a count backward from, but excluding, Monday, October 1, 1979, the petition date, to July 2, 1979, the effective date of the transfer.[2] In contradistinction, the trustee argues that: (i) the 90-day period should be computed by counting forward from July 2, 1979; (ii) the 90th calendar day after July 2, 1979, is Sunday, September 30, 1979; (iii) in accordance with Bankruptcy Rule 9006(a), since a Sunday is not included if it is the last day of the period under computation, October 1, 1979, is the 90th day from July 2, 1979.

### II

Section 547(b) of Title 11, United States Code, enacts in material part:

1. This provision enacts: "An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—(1) two years after the appointment of a trustee ...; and (2) the time the case is closed or dismissed."

   Plaintiff was appointed trustee pursuant to an order entered September 14, 1981; debtor's case has neither been closed nor dismissed.

2. For the purpose of its motion for summary judgment only, defendant concedes that the effective date of transfer was July 2, 1979, the date the check was paid by the drawee bank. See 11 U.S.C.A. § 547(e)(1)(B) (1979); *Nicholson v. First Inv. Co.,* 705 F.2d 410 (11th Cir. 1983) (date of transfer in bankruptcy context is date upon which check is honored by paying bank).

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

. . . . .

(4) made—

(A) on or within 90 days before the date of the filing of the petition . . . .

Bankruptcy Rule 9006 recites in relevant part:

### TIME

(a) *Computation*. In computing any period of time prescribed or allowed by these rules . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Application of the rule in computing the 90-day period of Code § 547(b)(4)(A) appears to be required under the very terms of the rule. Although considerable authority for the applicability of this rule exists,[3] there is a division on the issue of the inceptive date and direction of the count in calculating the 90-day period.

The 90-day period is measured from the date of filing a petition, rather than from the date of subsequent activities in the bankruptcy process. The initial filing date typically controls even if there is a subsequent amendment of the petition.

2 *Norton Bankruptcy Law and Practice* § 32.11 (1981).[4]

*Contra* 4 *Collier on Bankruptcy* ¶ 547.28 (15th ed. 1983):

[T]he trustee has the burden of proving that the challenged transfer was effected within the prescribed 90-day period. The actual date of perfection of the transfer controls . . . . In computing the time, Rule 906(a) [predecessor of current Rule 9006(a)] governs. The rule provides for the application of Federal Rule of Civil Procedure 6(a), so that the first day is excluded, the last day included. Accordingly, the day the alleged transfer is effected will not be counted, but the day of the filing of the petition will be counted.

Courts are also divided on the issue. See *Meister v. State Nat'l Bank (In re Mailbag Int'l Inc.)*, 28 B.R. 905, 910 (Bkrtcy.D.Conn. 1983); *Contra Larson v. Olympic Finance Co.*, 21 B.R. 264, 267 n. 2 (Bkrtcy.D.Utah 1982); *Sid Kumines, Inc. v. Wolf*, 13 B.R. 167, 169 n. 4 (Bkrtcy.D.Mass.1981), *aff'd sub nom. Harbor Nat'l Bank v. Sid Kumins, Inc.*, 696 F.2d 9 (1st Cir.1982); *Roper v. Hardeman (In re B & M Contractors, Inc.)*, 2 B.R. 110 (Bkrtcy.N.D.Ala.1979).

The debtor in *Meister v. State Nat'l Bank, supra*, Mailbag International, Inc. (Mailbag) filed its bankruptcy petition on August 1, 1980. Prior thereto, on April 30, 1980, Mailbag issued and obtained certification of a check for $50,000.00 payable to State National Bank of Connecticut. The $50,000.00 check was delivered to State Bank on May 2, 1980, and paid on May 5, 1980. After determining that the date of delivery was the effective date of the transfer, the court addressed the question whether to count backward from the filing date of the petition or forward from the date of transfer. Since there were 90 days in the period between May 3rd and July 31st, ex-

---

**3.** See 4 *Collier on Bankruptcy* ¶ 547.28 (15th ed. 1983); *Harbor Nat'l Bank v. Sid Kumins, Inc.*, 696 F.2d 9 (1st Cir.1982); *Meister v. State Nat'l Bank (In re Mailbag Int'l Inc.)*, 28 B.R. 905, 909 (Bkrtcy.D.Conn.1983); *Larson v. Olympic Finance Co.*, 21 B.R. 264, 267 n. 2 (Bkrtcy.D.Utah 1982); *Utility Stationery Stores, Inc. v. Southworth Co.*, 12 B.R. 170, 173 n. 2 (Bkrtcy.N.D.Ill.1981); *Grimaldi v. John A. Ruell, Inc.*, 3 B.R. 533, 535 (Bkrtcy.D.Conn. 1980).

**4.** The very next paragraph of the treatise, however, inexplicably suggests a forward count from the effective date of the transfer:

In computing the 90 days, the Federal Rules of Civil Procedure are applicable. Specifically, Rule 6(a) establishes that the first day, the day of transfer, is excluded, but the last day, the date of petition, is included. 2 *Norton Bankruptcy Law and Practice* § 32.11 (1981).

cluding the terminal dates of May 2nd and August 1st, counting forward would result in dismissal of the trustee's complaint. However, because May 3, 1980, was a Saturday, a backward count under former Bankruptcy Rule 906(a), the predecessor of Bankruptcy Rule 9006(a), would have extended the preference period to include May 2, 1980. After noting its concurrence will *Bell v. West,* 44 F.2d 161 (4th Cir.1930) (exclude date of transfer and include petition date in calculating the four-month preference period of section 60 of the Bankruptcy Act of 1898), the court considered Code § 547:

> Section 547 provides little basis for deciding from which point to compute the preference period. In pertinent part, that section merely states that certain transactions made on or within ninety days before the filing of the petition are avoidable as preferences. Rule 6(a), however, keys the computation to the happening of, among other things, an act. In this proceeding, the focus of the court is drawn to a transfer. That is the act from which the "designated period of time begins to run." Moreover, the language of Rule 6(a) is consistent with the application of a forward count. One does not usually think of a period of time as beginning to run backwards.

*Meister v. State Nat'l Bank (In re Mailbag Int'l, Inc.),* 28 B.R. 905, 910 (Bkrtcy.D.Conn. 1983).

A contrary view is expressed in *Roper v. Hardeman (In re B & M Contractors, Inc.),* 2 B.R. 110 (Bkrtcy.N.D.Ala.1979), a pre-Code case which is nonetheless apposite. In question was whether the bankrupt's trustee could avoid a lien against a motor vehicle. Observing that Bankruptcy Rule 906(a) superseded section 31 of the Bankruptcy Act of 1898, the opinion recites:

> The event here (from which the period of time runs) is the filing of the bankruptcy petition, not the transfer of the bankrupt's property. The statute defines the preferential-transfer period as being "within four months before the filing" of the bankruptcy petition; thus, the period should be caculated by excluding the day

on which the petition was filed and counting back so as to include the corresponding day of the fourth preceding month. *In re B & M Contractors, Inc.,* 2 B.R. at 112.

*Accord Larson v. Olympic Finance Co.,* 21 B.R. 264, 267 n. 2 (Bkrtcy.D.Utah 1982); *Sid Kumines, Inc. v. Wolf,* 13 B.R. 167, 169 n. 4 (Bkrtcy.D.Mass.1981), *aff'd sub nom. Harbor Nat'l Bank v. Sid Kumins, Inc.,* 696 F.2d 9 (1st Cir.1982).

■ Disagreeing with the court in *In re Mailbag Int'l Inc., supra,* this court believes that the language of Code § 547(b)(4) suggests a backward count. When computing the 90-day preferential period this court instinctively begins its summation with the number of days, less one, which have elapsed in the month of filing, adds the number of days in the month preceding the filing month, and continues in inverse chronological order. The filing date is the focal date from which the computation should commence.

■ Furthermore, although 28 U.S.C.A. § 2075 (1982) authorizes prescription by the Supreme Court of bankruptcy rules of procedure, the statute specifically provides: "Such rules shall not abridge, enlarge, or modify any substantive right." Application of Bankruptcy Rule 9006(a) in the manner advocated by the trustee could impermissibly extend the 90-day preference period by enlarging a bankruptcy trustee's rights under Code § 547(b). Suppose that a Saturday is the 90th day counting forward from the effective date of the transfer in a case where the debtor's petition is filed on the following Monday. Accepting the trustee's argument, a transfer occurring 92 calendar days preceding the petition date could be avoided.

*Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir.1980) also supports defendant's position that the 90-day preference period may not be extended. An installment sale agreement between Rust and Quality Car Corral, Inc. was entered into on July 1, 1976. Rust, alleging violations of the Truth in Lending Act, filed a complaint

on July 1, 1977. Contending that Rust's complaint was barred by the applicable statute of limitations, the defendants filed a motion to dismiss. The effective limitations statute recited in part: "Any action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation." 15 U.S.C.A. § 1640(e) (1974), *amended by* 15 U.S.C.A. § 1640(e) (1982). Rust maintained that Fed.R.Civ.P. 6(a) was applicable and that the limitations period did not commence until July 2, 1976. Noting that the statute provided the source of jurisdiction and that the Federal Rules of Civil Procedure were not to be construed so as to extend or limit the jurisdiction of the district courts, Fed.R.Civ.P. 82, the Sixth Circuit Court of Appeals disagreed. The limitations period commenced on July 1, 1976, the date of the occurrence of the alleged violations. Consequently, Rust's complaint was not timely filed.

Bankruptcy Rule 9006(a), of course, may not be applied in a manner conflicting with the provisions of Code § 547(b)(4). Defendant's motion for summary judgment is GRANTED.