**In re MEYER–MIDWAY, INC., Debtor.**

**Jay A. STEINBERG, Trustee of the Estate of Meyer-Midway, Inc., Plaintiff,**

**v.**

**AMERICAN CHICLE, DIVISION OF WARNER–LAMBERT, et al., Defendants.**

No. 86 C 1643.

United States District Court, N.D. Illinois, E.D.

Nov. 28, 1986.

Edward Rothe, Chicago, Ill., for plaintiff.

Joseph L. Matz, Joanne Coshonis, Teller, Levit & Silvertrust, P.C., Melvin S. Newman, Prince, Schoenberg, Fisher & Newman, Ltd., Mary D. Harris, Gardner Carton & Douglas, Chicago, Ill., Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

This case is before the court on American Chicle's ("AC") appeal from a bankruptcy court decision. The facts which pertain to the issue on appeal are rather simple. On May 22, 1980, AC delivered certain goods valued at $11,913.72 to Meyer-Midway, Inc. ("MMI"). On June 2, 1980, a Monday, AC sent a written reclamation notice to MMI seeking the return of the goods. MMI received this notice on the same day. On June 13, 1980, involuntary bankruptcy proceedings were initiated against MMI.

Jay A. Steinberg, Trustee of the Estate of Meyer-Midway, Inc. (the "Trustee"), filed a complaint against AC with the bankruptcy court seeking to recover the goods on the ground that the reclamation was a preferential transfer under 11 U.S.C. § 547(b). The Trustee asserts that the notice of reclamation was untimely; AC asserts that it was timely.

The bankruptcy court determined that the return of the goods to AC was a preferential transfer which may be avoided by the Trustee. Section 546(c) of the Bankruptcy Code provides:

The rights and powers of the Trustee under Section 547 ... of this Title are

subject to any statutory right or common law right of the seller, in the ordinary course of such seller's business, of goods of the debtor to reclaim such goods if the debtor has received such goods while insolvent, but

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor ...

11 U.S.C. § 546(c). The notes to subsection (1) indicate that subsection (1) was patterned after Section 2–702 of the Uniform Commercial Code. See, Ill.Rev.Stat., ch. 26, ¶ 2–702. Section 546(c) expands upon statutory law by adding the requirement that the demand for reclamation must be in writing.

The issue in this case is whether Bankruptcy Rule 9006(a), 11 U.S.C., may be applied to Section 546(c) so as to allow the reclamation notice to be sent on a Monday if the tenth day after the debtor receives the goods falls on a Sunday. Rule 9006(c) provides as follows:

### TIME

a) *Computation.* In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

The appellants, AC, contend that Rule 9006(a) is broad in scope and is intended to apply to the computation of *any* time period, including the ten day limit in Section 546(c). The bankruptcy court concluded that Rule 9006(c) would not be applied to

Section 546(c). The court held that to expand the ten day time limit of Section 546(c) would be to modify substantive rights. This is expressly prohibited by 28 U.S.C. § 2075 which states that the Bankruptcy Rules are not to abridge, enlarge, or modify any substantive right. The court also held that the purpose of Rule 9006(a) was to extend time limits when the act to be performed was incapable of being performed on a Sunday. The court noted that Rule 9006(a) and the analogous Rule 6(a) of the Fed.R.Civ.P. were designed to compensate for the fact that documents may not be filed with the court on a Sunday. The bankruptcy court held that Rule 9006(a) would not be applied to Section 546(a). Therefore, it held that the notice of reclamation was untimely.

This court agrees with the appellants rather than the bankruptcy court. Rule 9006(a) is not limited by its terms to only those time limits which involve filing a document with a court. Rather, Rule 9006(a) is quite broad and applies to "any" applicable statute. *Harbor National Bank of Boston v. Sid Kumins, Inc.,* 696 F.2d 9, 10 n. 1 (1st Cir.1982).[1] While Rule 9006(b) lists those sections of the code which may not be extended, Section 546(c) is not listed. The cases cited by the bankruptcy court refused to allow the extension of the last day of a time limit from a Sunday to a Monday only because there was no express authorization for doing so. *Hermann v. United States,* 66 F. 721, 722 (2nd Cir.1895); *Shefer v. Magone,* 47 F. 872 (2nd Cir.1891). Now, however, Rule 9006(a) expressly authorizes the extension.

The only other court which considered the issue of whether a Sunday exclusion rule can extend the reclamation period has allowed the extension. In *In re Action Industries, Inc.,* 22 B.R. 855 (S.D.Ohio 1982), a notice of reclamation was sent on the eleventh day, a Monday. The court found that Rule 906(a) (predecessor to Rule

---

**1.** Rule 9006(a) and its predecessor, Rule 906(a), have been applied to time computations under other sections of the Bankruptcy Code. *In re Mailbag International,* 28 B.R. 905, 910 (Bk.

Conn.1983) (Rule 906(a) applied to 11 U.S.C. § 547(b)); *Harbor National Bank,* 696 F.2d 9; *Matter of Grimaldi,* 3 B.R. 533, 535 (Bk.Conn. 1980).

9006(a)) and the applicable state Sunday exclusion rule would validate the notice. *Action Industries,* 22 B.R. at 857–858. In the case before the court, Rule 9006(a), as well as the Illinois Sunday exclusion rule, Ill.Rev.Stat., ch. 1, § 1012 and ch. 100, § 6, would validate the notice.

The bankruptcy court, however, declined to follow *Action Industries* because the court in *Action Industries* had not expressly considered the effect of 28 U.S.C. § 2075. The bankruptcy court held that an application of Rule 9006(a) to Section 546(c) would violate Section 2075. (Memorandum opinion and order, Jan. 13, 1986 at 8). However, there is a strong presumption that the Bankruptcy Rules enacted by the Supreme Court do not modify existing substantive rights. *In re Moralez,* 618 F.2d 76, 78 (9th Cir.1980); *In re Matter of Mobile Steel Co.,* 563 F.2d 692, 699 (5th Cir. 1977); *In re Wall,* 403 F.Supp. 357, 360 (E.D.Ark.1975). It is presumed that the Supreme Court acted within the limits of Section 2075 when drafting the rules and that if they had overstepped the bounds of their authority Congress would have stepped in to modify the rule. *Wall,* 403 F.Supp. at 360. A person seeking to show that a rule deals with matters of substance has a heavy burden of proof. *Moralez,* 618 F.2d at 78.

The bankruptcy court has cited a case in which a court refused to apply Rule 9006(a) because substantive rights would be enlarged. *Deutscher v. O'Neal Steel Corp.,* 36 B.R. 220, 223 (Bk.Tenn.1983). While there is a line of cases which follows that approach this court holds that the better rule of law is to apply Rule 9006(a) as written. The presumption that the rules address matters of procedure rather than substance is to be applied to Rule 9006(a). The computation of the time limit stated in Section 546(c) is a procedural matter which the rules may properly address. *Grimaldi,* 3 B.R. at 535 n. 1 (court declined to find that an application of Rule 906(a) would affect substantive matters). It is difficult to see how a "substantive right" in this case could be modified through application of Rule 9006(c). The bankruptcy proceed-

ings had not yet been initiated and, of course, the Trustee had not yet been appointed. To rule otherwise would be to stretch the concept of inchoate rights beyond all reason.

Accordingly, for the reasons set forth herein, the judgment of the bankruptcy court is reversed. Rule 9006(a) of the Bankruptcy Rules will apply so as to validate the reclamation of goods from MMI by AC.

IT IS SO ORDERED.