## In re B. P. LIENTZ MFG. CO.
### No. 15833.

District Court, W. D. Missouri, W. D.
March 30, 1940.

234

Jeter & Earhart, of Kansas City, Mo., for debtor.

Terence M. O'Brien, James P. Aylward, and George V. Aylward, all of Kansas City, Mo., for objecting creditor Joseph E. Wheeler.

Bert Steeper, of Kansas City, Mo., for objecting creditor William Mason Trust, Union National Bank trustee.

REEVES, District Judge.

Although several questions have been raised in this proceeding, the decision of one will eliminate practically all of the others.

The question for decision is whether Joseph E. Wheeler, who has recovered a judgment against the debtor and B. P. Lientz, is entitled under the law to assert and enforce a lien upon the real property of the debtor.

The judgment was recovered before this proceeding was instituted, and probably was the cause of it. Said judgment was rendered in this court on March 29, 1939, and is in the sum of $9,119.73. It was admitted by the parties that no abstract of the said judgment was entered in any book kept by the Clerk of the Circuit Court of Jackson County, Missouri. Moreover, while not suggested, the court will take judicial notice of the fact that Jackson County, Missouri, has a population in excess of sixty thousand inhabitants, and that Kansas City has more than one hundred thousand inhabitants.

The judgment creditor relies upon the decision of the Supreme Court of the United States in Rhea v. Smith, 274 U.S. 434, 47 S.Ct. 698, 701, 71 L.Ed. 1139, wherein it was held that the lien of a judgment recovered in the United States District Court, Southwestern Division of this District, "attaches to all lands of the judgment debtor lying in the counties within the respective jurisdictions of the two federal District Courts in that state."

This ruling was predicated upon the failure of the General Assembly of the State of Missouri to give the same force and effect to judgments of the federal district courts as given to judgments of the state courts. Therefore, the court said: "that, where any state has not passed such laws, the rule that federal judgments are liens throughout the territorial jurisdiction of such courts must still be in force."

The federal statute, being Section 812, Title 28 U.S.C.A. provides that: "Judgments and decrees rendered in a district court of the United States within any State, shall be liens on property throughout such State *in the same manner and to the same extent and under the same conditions*

*only as if such judgments and decrees had been rendered by a court of general jurisdiction of such State."*

The same statute further provides that: "Whenever the laws of any State require a judgment or decree of a State court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county * * * before a lien shall attach, this section and section 813 of this chapter shall be applicable therein whenever and only whenever the laws of such State shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules, and requirements relating to the judgments and decrees of the courts of the State."

A proper decision of the case involves a reconciliation, if such be warranted, of Section 1103, R.S.Mo.1929, Mo.St.Ann. § 1103, p. 1399, and Section 1150, R.S.Mo. 1929, Mo.St.Ann. § 1150, p. 1415.

1. The first of the above sections was repealed and re-enacted with amendments by the General Assembly of the State of Missouri in 1935, and is found at p. 207, Laws of that year, Mo.St.Ann. § 1103, p. 1399. It contained an emergency clause containing in part the following language: "The laws of this State relating to liens of judgments being in conflict with the laws of the United States and it being necessary that this Act become effective immediately, it is hereby declared that an emergency exists", etc. Section 3.

This enactment was due to the ruling of the Supreme Court in Rhea v. Smith, supra. By such enactment the lien of judgments, whether federal or state, on the real estate of the judgment debtor was made to attach to the real estate "situate in the county for which or in which the court is held." The amended section added the words, "and by any court of record" so as to put the United States District Court on an equality with the Circuit Courts of the state. It was because of this old section that the Supreme Court had made its ruling in the Rhea v. Smith case.

Section 1150, R.S.Mo.1929, had been amended by the General Assembly, 1927, Mo.St.Ann. § 1150, p. 1415. The amendment made the rule previously applicable to cities of more than one hundred thousand and inhabitants applicable also to counties having more than sixty thousand inhabitants. This statute provides that: "No judgment thereafter [hereafter] rendered by any court in a city having over one hundred thousand inhabitants, *or in any county having over sixty thousand inhabitants,* shall be a lien on real estate situate in such cities or counties, until an abstract of said judgment shall be entered in a book to be kept by the clerk of the circuit court having jurisdiction of civil causes within such city or county," etc.

Both of these statutes have been a part of the statute law of Missouri for many years.

It is permissible for the lawmaking body of a state to provide a different rule with respect to liens depending upon population of political subdivisions. The fact that such rules may apply to cities of more than one hundred thousand inhabitants or to counties of more than sixty thousand inhabitants would not take such legislation out of its class as a general law.

The wisdom of the legislation is not to be inquired into. The only question is whether the two sections under observation can stand together. Obviously they can and have for many years.

Inasmuch as it was agreed that the judgment creditor did not comply with Sections 1150 and 1151, R.S.Mo.1929, for the establishment of his lien against real estate situate in Jackson County, Missouri, no lien attached, and therefore the property of the debtor now in court is not impressed with the lien contended for by the judgment creditor.

2. Several parties, mainly officers and directors of the debtor, have asserted claims in varying amounts against the debtor. As indicated when the case was tried, these are contingent claims, and will not ripen into liabilities until the happening of the contingencies agreed to when such contingent claims were created.

3. This court would have no right to classify the judgment of the claimant Joseph E. Wheeler as depending upon a contingency when no such condition was imposed when the judgment was rendered.

In view of the foregoing, it is not necessary to rule on the question whether the machinery now in and attached to debtor's building is personal property or real estate.