In re The MUSIC HOUSE, INC., Debtor.

Jerome I. MEYERS, Plaintiff,

v.

VERMONT NATIONAL BANK,
Defendant.

Bankruptcy No. 79–201.
Adv. Proceeding No. 80–0025.

United States Bankruptcy Court,
D. Vermont.

June 13, 1980.

Jerome I. Meyers, Trustee, pro. se.

Kenneth V. Fisher, Jr., Brattleboro, Vt.,
for defendant.

FINDINGS OF FACT AND
MEMORANDUM

CHARLES J. MARRO, Bankruptcy Judge.

This Adversary Proceeding to set aside an alleged preference came on for hearing on the Trustee's Complaint and Answer of the Defendant filed on March 13 and April 11, 1980 respectively.

At the hearing the parties agreed to submit the issue on the facts following agreed statement of facts contained in a written stipulation filed May 8, 1980:

"1. Plaintiff is Trustee of the estate of the above named debtor having been appointed by order of this Court dated November 13, 1979 and brings this action under Title 11 U.S.C. Section 547.

"2. Upon information and belief, the defendant Vermont National Bank is a banking corporation organized and existing under the laws of the State of Vermont with offices in the Town of Brattleboro, State of Vermont.

"3. That on or about 13 November 1979, the above named debtor filed a petition with this court praying for entry of an order of relief under Chapter 7 of Title 11, United States Code.

"4. During the month of August, 1979, and within three months of the filing of the petition for relief of the debtor herein, the above named debtor transferred certain funds to the defendant on account of an antecedent debt.

"5. Upon information and belief, on or about December 25, 1979, the above named debtor paid to the defendant the sum of $214.00 for or on account of an antecedent debt owed by the debtor before the transfer was made; that said transfer was made while the debtor was insolvent and made within 90 days before the date of filing the petition; and that said transfer enabled the above named defendant to receive more than it would receive if the transfer had not been made.

"6. At the time of the transfer the debtor was presumed to be insolvent."

The payment of $214.00 was made to the Defendant pursuant to a security agreement which provided for monthly installments and said payment was a monthly installment payment made thereunder. The security agreement is evidenced by documents showing that filing has been perfected in the Town Clerk's office of the Town of Brattleboro and the Secretary of State's Office in Montpelier.

Memorandum Of Law have been filed. The Trustee contends that the payment by the Debtor to the Defendant, Vermont National Bank, in the sum of $214.00 was for or on account of an antecedent debt and was made within 90 days prior to the date of the filing of the Petition and that as a result of said payment the Defendant improved its position within the meaning of Section 547(c)(5) of the Bankruptcy Code. Therefore, a preference resulted.

The Defendant, on the other hand, contends that the payment was not made for an antecedent debt but pursuant to a perfected security interest; that under Section 547(b)(5) the Court must determine the transferee's class and what distribution that class would have received. It further argues that the Bank was in the class of a secured creditor and since it was the only one in this classification, there could be no preference. It also maintains that there must be a comparison between what the creditors actually received and what other creditors in this particular class would have received in a Chapter 7 liquidation. Since there are no other creditors the Bank concludes that it is entitled to the sums received within the 90 day period.

The agreed statement of facts leaves much to be desired. It is based on the allegations in the plaintiff's complaint. In one paragraph the trustee alleges that the $214.00 payment was made in August, 1979 within three months of the filing of the debtor's petition and in the following paragraph he recites that it occurred on or about December 25, 1979 which in fact was after the petition for relief was filed. In any event the alleged preference is predicated on Section 547(c)(5) of the Bankrupt-cy Code. This statute provides, as it pertains to the instant case, that the trustee may not avoid a transfer of a perfected security interest in inventory or a receivable or the proceeds of either, except to the extent that the aggregate of all such transfers to the transferee caused a reduction, as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of any 'amount by which the debt secured by such security interest exceeded the value of all security interest for such debt on the later of 90 days before the date of the filing of the petition.

As pointed out in Collier's 15th Edition Sec. 547.41 the foregoing statute codifies the "improvement in position" test and thereby overrules such cases as *DuBay v. Williams*, 417 F.2d 1277 (9th Cir. 1969) and *Grain Merchants of Indiana, Inc. v. Union Bank and Savings Co.*, 408 F.2d 209 (7th Cir.). A preference will not result to the holder of a perfected security interest in inventory or receivables unless and "to the extent he improves his position during the 90-day period before bankruptcy." This exception is aimed at the creditor holding a security interest or "floating lien" on the debtor's inventory or receivables that was perfected prior to the preference period. If the secured creditor's position does not improve relative to what it was 90 days preceding bankruptcy, there will be no preference.

If the trustee is to prevail he must bring himself within the terms of the exception by establishing an improvement of position by the secured creditor within the 90 day period to the prejudice of other creditors holding unsecured claims. The law places upon the trustee the unmistakable burden of proving by a fair preponderance of all the evidence every essential, controverted element resulting in the composite preference. Collier 15th Edition Sec. 547.55 citing cases.

There is nothing in the agreed statement of facts which establishes or from which it can be inferred that there was an improvement of position of the defendant as secured creditor to the detriment of unse-

cured creditors. Such being the case the trustee has failed to sustain his burden and as a result a preference has not been established.

In his memorandum the trustee points out that the inventory of the debtor on October 29, 1979 (its last day of business) was valued at $3,414.58 whereas on October 12, 1979 it was worth $4,274.56; that it was sold by the defendant on or about January 18, 1980 for $1,150.00 apparently in part satisfaction of its secured indebtedness. The indebtedness to the defendant when the petition was filed was $9,600.00. The trustee argues that by accepting the $214.00 payment in no way identified as being made from the sale of the collateral the defendant improved its position and deprived the unsecured creditors of this sum. He further contends that since the defendant is unable to show that it did not improve its position, the transfer should be set aside as a preferential payment under Section 547.

The foregoing allegations and argument are not part of the stipulated facts but even if they are accepted they do not establish an improvement of position of the defendant but rather the contrary. The trustee is also in error in his argument that the defendant must show that there was no improvement in its position. Rather the burden is on him to establish every element of the composite preference. This he has failed to do. The net result is that the only clear showing is that the defendant received the sum of $214.00 during the 90 day preference period in reduction of its secured indebtedness. As the holder of a perfected security interest it was entitled to this payment.

The plaintiff's complaint should be dismissed.