In re SUN RAILINGS, INC., Debtor.

SUN RAILINGS, INC., Plaintiff,

v.

Irwin S. SILVERMAN, Defendant.

Bankruptcy No. 80–00550–BKC–TCB.
Adv. No. 80–0123–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

July 14, 1980.

Robert A. Schatzman, Miami, for debtor, plaintiff.

Barbara L. Phillips, Miami, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor–in–possession has filed a complaint to avoid a preference under the provisions of 11 U.S.C. § 547(b). (C.P. No. 1) Defendant has answered. (C.P. No. 4) The matter was tried on July 3, 1980. This is a memorandum of decision filed in accordance with the provisions of B.R. 752(a).

The facts are simple and largely undisputed. The debtor, who filed a petition under Chapter 11 on May 8, 1980, manufactures aluminum products. The defendant was a salesman for the debtor. When defendant was terminated in March, 1979, he sued in the state court for accrued commissions due him and obtained a judgment for

$88,000 in April, 1980. Execution issued and to forestall levy the parties entered into an agreement for payment. In accordance with that agreement, defendant received a check for $40,000 in partial satisfaction of the debt.

The check was purchased by a third party, Florida Chain and was expressly earmarked by the third party for payment to the defendant. The $40,000 had been borrowed by the debtor from Florida Chain, because the debtor's bank account had been frozen. Florida Chain is wholly owned by an officer–director of the debtor, but the two corporations are not otherwise related.

In accordance with the payment agreement, defendant also received from the debtor an assignment of debtor's right to receive $36,180 from a lawsuit against someone else. No money has yet been received by defendant on the assignment.

Defendant argues that the assignment was not a transfer, because he has received no payment as a result of the assignment. I disagree. The assignment is an "interest in property" within the statutory definition of a transfer under 11 U.S.C. § 101(40). *Collier on Bankruptcy* (15th ed.) ¶ 547.08[2]. The debtor is entitled to a judgment voiding the assignment as a preference.

Defendant also argues that the $40,000 was not a transfer because it never became "property of the debtor". I agree. Cases decided under Section 60(a) of the former Bankruptcy Act, with respect to this point remain applicable. When a third party loans money to a debtor for the specific purpose of repaying a designated debt, the money never becomes part of the estate available for distribution to all creditors and, therefore, no preference is created. 4 *Collier on Bankruptcy* ¶ 547.25 n. 6. The third party's payment only becomes a part of the estate if "the debtor rather than the lender designates the creditor to be paid and controls the application of the loan." Ibid. ¶ 547.25 n. 9. That was not the case here. See also 9 *Am.Jur.2d*, Bankruptcy, Section 1061 and 130 A.L.R. 957.

It follows that the debtor failed to establish that the $40,000 paid to the defendant was a voidable preference. It amounted to nothing more than the substitution of one creditor for another and did not diminish the estate available to the creditors.

As is required by B.R. 921(a), a separate judgment will be entered dismissing the complaint with prejudice as to the $40,000 received by defendant, but setting aside the assignment made by the debtor to defendant as a preference under 11 U.S.C. § 547(b).