**DEEL RENT–A–CAR, INC., Appellant,**

v.

**Howard A. LEVINE, Appellee.**

**No. 80–2989–CIV–EBD.**

United States District Court,
S. D. Florida.

Jan. 22, 1982.

A. Roger Traynor, Jr., Miami, Fla., for appellant.

Herbert Stettin, Miami, Fla., for appellee.

## ORDER

EDWARD B. DAVIS, District Judge.

THIS MATTER has come before the Court on appeal by Deel-Rent-A-Car, Inc., ("Deel") from a judgment in the United States Bankruptcy Court for the Southern District of Florida, in which it was held that a judgment lien obtained by Deel against the property of Howard Levine ("Levine") was properly voided as a preference.

### I.

Appellee Levine, along with others, guaranteed a debt of National Vehicle Leasing Inc., to Deel. Deel later obtained a judgment for $154,668.00 against Levine in a state court action and subsequently recorded it on January 9, 1980 in Broward county. Deel perfected the judgment and executed a lien against all real property owned by Levine in Broward county, which at that time consisted of a condominium apartment. Levine was married and resided in the condominium when he filed his voluntary petition in bankruptcy.

Hearings on an amended adversary complaint were held on June 10 and 31, 1980, at which time Deel sought, *inter alia*, to prevent Levine's discharge. Levine counterclaimed, attempting to avoid Deel's lien as a preference pursuant to § 547(b) of the Bankruptcy Code. Deel argued that only the trustee, under certain circumstances, has standing to avoid a preference under the provisions of § 547(b). 11 U.S.C. § 547(b). At the close of argument, Judge Thomas C. Britton rejected Deel's contention for two reasons. One, § 522(h) provides that a debtor may avoid a transfer of property of the debtor if the trustee is authorized to do so, but does not. 11 U.S.C. § 522. Two, the facts of the case satisfied § 547(b) of the Code.

Judge Britton focussed on § 547(b)(5) since the parties had agreed that the other elements had been met. Section 547(b)(5) states in relevant part that "the trustee may avoid any transfer of property of the debtor. . . . that enables such creditor to receive more than such creditor would receive if . . . . the case were a case under Chapter 7 of this title." After conducting the hearing, the Court below found that "[b]efore the recording of its judgment, plaintiff (Deel) was an unsecured creditor of the debtor (Levine). Any payment to a general unsecured creditor within ninety days preceeding filing is preferential if that creditor would not receive the same payment in a Chapter 7 liquidation." The Court went on to conclude that the judgment lien was indeed an avoidable preference.

### II.

Deel takes issue with this decision. Deel claims that neither a trustee nor Levine could have avoided its judgment lien, because its attachment to the condominium did not diminish the estate available for distribution to other similarly classed creditors. Therefore, according to Deel, since there is no dimunition of the estate, there was never a preference. This Court remains unconvinced by this line of argument.

It is a well-settled legal principle that factual findings of a bankruptcy court must be accepted and affirmed unless the appellate court finds them clearly erroneous. *Matter of Bleaufontaine, Inc.*, 634 F.2d 1383 (5th Cir. 1981).

Second, § 541(a)(1) (Property of the estate) is unequivocal in providing that the property of the estate encompasses *all* of the property of the debtor. That is, all interests of the debtor in property at the beginning of the case, including any such interests of debtor in exempt property.

Third, the transfer of any security interest that converts an unsecured creditor into a secured creditor does enable that creditor to receive a greater percentage of its claim than other creditors in the same class. *Re Ollag Construction Equipment Corp.*, 446 F.Supp. 586, 587, revd on other grounds 578 F.2d 904 (2 Cir. 1978); 9A Am.Jur.2d, Bankruptcy § 549.

### III.

An application of the relevant law to the facts, as found by the Bankruptcy Court and accepted by this Court, reveals that the decision permitting the avoidance of the judgment lien of Deel as a preference is consistent with the law of bankruptcy.

Deel perfection of the judgment lien changed its status from an unsecured creditor to that of a secured creditor. This occurred within ninety days of the filing of Levine's bankruptcy petition. 11 U.S.C. § 547. Upon filing the petition, Levine's condominium became the property of the debtor's estate. 11 U.S.C. § 541(a)(1). Deels would then be entitled to a greater percentage of its claim under a Chapter 7 liquidation than it had been originally. 11 U.S.C. § 547(b)(5) Levine could certainly avoid Deel's lien as a preference under § 547(b) pursuant to 11 U.S.C. § 522(h). Hence the criteria set forth in § 547(b) has been satisfied. Accordingly, it is

ORDERED AND ADJUDGED that the judgment entered in this cause by the bankruptcy Court is hereby AFFIRMED.