In re Charles L. BATES and Jean W. Bates, Debtors.

Kevin CAMPBELL, Trustee, Plaintiff,

v.

COUNCIL OF CO–OWNERS OF VILLAS ON the FAZIO HORIZONTAL PROPERTY REGIME, I, Defendant.

Bankruptcy No. 82–01508.

Complaint No. 82–1130.

United States Bankruptcy Court, D. South Carolina.

March 31, 1983.

H. Flynn Griffin, Walterboro, S.C., for plaintiff.

George E. Mullen, Hilton Head Island, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 14, 1982, and Kevin Campbell (the plaintiff) is the trustee of the estate.

This adversary proceeding was initiated by the trustee to avoid a judgment lien as a preferential transfer under the provisions of 11 U.S.C. § 547(b).[1] The matter is before the court on the trustee's motions to amend his complaint and for summary judgment.

## DISCUSSION AND CONCLUSION

### I

The trustee moves pursuant to Bankruptcy Rule 715 and Fed.R.Civ.P. 15(a) that the complaint be amended to reflect the name of the defendant as the Council of Co-Owners of Villas on the Fazio Horizontal Property Regime, I.

It appears that the defendant joins in the trustee's motion to amend and that such an amendment is proper.

### II

The trustee is also moving for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Bankruptcy Rule 756 on the ground that because

---

1. Further references to sections of the 1978 Code will omit the identically numbered section of Title 11, United States Code.

there is no genuine issue as to any material fact he is entitled to judgment as a matter of law.

From the affidavit of the plaintiff, the memorandum of the plaintiff, other documents on file in this bankruptcy case, and the arguments of counsel, it appears that the defendant, Council of Co-Owners of Villas on the Fazio Horizontal Property Regime, I, (Council) after a contested jury trial, obtained a $187,500 judgment against the debtors which was recorded in the office of the Clerk of Court of Beaufort County on June 16, 1982 and in the office of the Clerk of Court of Charleston County on June 19, 1982. The judgments constitute liens on real property of the estate (or the proceeds thereof) located in the counties where the judgments are entered. S.C. Code § 15–35–810 (1976); *Earnhardt v. Herring National Lease, Inc. (In re Earnhardt),* 15 B.R. 86 (Bkrtcy.D.S.C.1981). Prior to the judgment lien's being recorded, Council had no secured claim in the real property nor any claim which would entitle Council to an unsecured priority claim under § 507(a).

In order to prevail, the trustee must prove each element of a voidable preference listed in § 547(b)[2]. *Meyers v. Vermont National Bank (In re The Music House, Inc.),* 7 B.C.D. 882, 883, 11 B.R. 139, 141 (Bkrtcy.D. Vt.1980).

The initial element of § 547, which provides that there must be a "transfer of property of the debtor", is satisfied for the reason that a transfer as defined in § 101(40) occurs when a judgment lien is created against real property. "The taking and docketing of a judgment against the debtor's real property, thereby creating a lien and security for the debt, constitutes a transfer within the meaning of section 547." 4 *Collier on Bankruptcy* ¶ 547.12 at 547–42 (15th ed. 1979). *See, Deel Rent-A-Car, Inc. v. Levine (In re Levine),* 16 B.R. 873 (D.C.S. D.Fla.1982); *Jordan v. Borda (In re Jordan),* 6 B.C.D. 630, 5 B.R. 59, 2 C.B.C.2d 635 (Bkrtcy.D.N.J.1980).

As required by §§ 547(b)(1) and (2) the trustee has shown that the transfer was to a creditor on account of an antecedent debt. Obviously, Council became a creditor by virtue of its claim having arisen at some time prior to the filing of the lawsuit which resulted in the judgment. Therefore, the transfer was for the benefit of a creditor, Council, and on account of an antecedent debt. Thus the trustee has met the burden of proving that the conditions required by §§ 547(b)(1) and (2) are present.

In proving, as he must, pursuant to § 547(b)(3), that the transfer was made while the debtor was insolvent, the trustee is aided by the presumption of insolvency provided by § 547(f)[3]. This presumption shifts the burden of going forward with evidence of solvency to the defendant. The definition of insolvency is provided in § 101(26)[4].

The liabilities which must be considered in testing the debtors' insolvency include the claim of the defendant. There being no showing by the defendant that the value of the debtors' assets exceeds the amount of the debtors' liabilities the presumption pro-

**2.** § 547(b): Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petitoin; or (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—(i) was an insider; and (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case

under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**3.** § 547(f): For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

**4.** § 101(26): "insolvent" means—(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—. . . .

vided by § 547(f) has not been rebutted; and the trustee has met his burden of proof in this regard. *See, Campbell v. Cannington (In re Economy Milling Co.),* Civil Action No. 82–222–6 (D.S.C. Feb. 4, 1983).

The trustee must also show that the transfer occurred on or within ninety days before the date of the filing of the petition. § 547(b)(4)(A). Rule 6 of the Federal Rules of Civil Procedure, which is applicable in this case, pursuant to Bankruptcy Rule 906(a), provides that:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, ....

The event from which the designated time runs here is the filing of the petition for relief, not the transfer of the debtors' property, therefore, the day on which the judgment was recorded is included in calculating the 90-day period, however, the day upon which the petition for relief is filed is not counted. *Larson v. Olympic Finance Co. (In re Larson),* 21 B.R. 264 (Bkrtcy.D. Utah 1982); *Sid Kumines, Inc. v. Wolf, (In re Wolf),* 7 B.C.D. 1286, 13 B.R. 167, 4 C.B.C.2d 1229 (Bkrtcy.D.Mass.1981); *Grimaldi v. John A. Ruell, Inc. (In re Grimaldi),* 6 B.C.D. 241, 3 B.R. 533 (Bkrtcy.D.Conn. 1980); *Roper v. Hardeman (In re B & M Contractors, Inc.),* 2 B.R. 110 (Bkrtcy.N.D. Ala.1979) (interpreting § 60(a)(1) of Bankruptcy Act).[5]

The use of this method of counting indicates that the judgment was recorded in Beaufort County exactly ninety days before the petition was filed. The judgment was recorded in Charleston County more than one month after it was recorded in Beaufort County. Therefore, both of the judgments were recorded "on or within ninety days" before the petition for relief was filed (September 14, 1982).

Finally, § 547(b)(5) requires the trustee to show that Council's transfer enables Council to receive more than if the transfer had not been made and Council received its normal distribution under the provisions of Chapter 7. By recording its judgments, Council obtained a secured claim pursuant to § 506(a)[6], without the judgment liens, Council would have no secured claim. Furthermore, Council's claim would not be entitled to priority status under § 507(a). If the transfer (the recordation of the judgments) had not occurred, Council would be entitled to distribution *pro rata* as a general unsecured creditor. Council has, therefore, improved its position by recording the judgments and making itself a secured creditor. *Deel Rent-A-Car, Inc. v. Levine (In re Levine), supra.*

There appears to be no genuine issue as to any material fact relevant to this adversary proceeding. All of the elements of § 547(b) have been proved, therefore, the trustee is entitled to a summary judgment on his complaint. Fed.R.Civ.P. 56(a).

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED:

1. That the complaint of the plaintiff be amended to reflect the name of the defendant as the Council of Co-Owners of Villas on the Fazio Horizontal Property Regime, I.

2. That the judgment liens of the defendant recorded in Beaufort County on June 16, 1982 and in Charleston County on

---

**5.** There is some authority to support the position that the day of the transfer should be excluded from the calculation and the day of the filing of the petition for relief should be included. 4 Collier on Bankruptcy ¶ 547.28 at 547–109 (15th ed. 1979), citing *Bell v. West,* 44 F.2d 161 (4th Cir.1930), and *Whitley Grocery Co. v. Roach,* 115 Ga. 918, 42 S.E. 282 (1902).

**6.** § 506(a): An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ....

July 19, 1982 be avoided and cancelled of record;

3. That the defendant is ordered to provide the trustee with the appropriate documents for recording in the offices of the Clerks of Court of Beaufort and Charleston Counties.

AND IT IS SO ORDERED.