**In re Norman Dale BORGMAN, Carolyn Sue Borgman, Debtors.**

**John R. STONITSCH, Trustee, Plaintiff,**

**v.**

**WOOD & HUSTON BANK, Defendant.**

**Bankruptcy No. 84–01039–1.**
**Adv. No. 84–0276–1.**

United States Bankruptcy Court, W.D. Missouri, W.D.

April 29, 1985.

---

Bruce E. Strauss, Kansas City, Mo., for defendant.

John R. Stonitsch, Kansas City, Mo., pro se.

## MEMORANDUM OPINION
## AND ORDER

FRANK P. BARKER, Jr., Chief Judge.

This matter is before the Court pursuant to Trustee's Complaint to Avoid Preferential Transfer. A hearing was held on March 21, 1985.

On October 28, 1983, Caroline Borgman, Debtor, and Elsie Ashford, her mother, executed a six-month promissory note in the amount of $2,000 at 14.4% annual interest rate. (Creditors' Exh. 1). On March 9, 1984, Aurelia Borgman, Carolyn's mother-in-law, executed a six-month promissory note in the amount of $2,500.00 at 13% annual interest rate. (Creditors' Exh. 2). This amount was immediately credited to her account at the Wood and Huston Bank. (Creditors' Exh. 3). Once credited, Aurelia Borgman cashed a check in the amount of $2,500.00. (Creditors' Exh. 4). She then took the proceeds to Carolyn Borgman's place of employment. Aurelia Borgman handed Carolyn the amount of cash sufficient to pay her October 28, 1983 note in full. At that time, Aurelia Borgman instructed Carolyn to use the money to pay off the prior note. Carolyn Borgman left work promptly, went to the Wood and Huston Bank, and paid the note in full. (Creditors' Exh. 1). On April 2, 1984, Carolyn Borgman and her husband filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

## CONCLUSIONS OF LAW

■ Trustee must prove every element of an alleged preferential transfer by a fair preponderance of the evidence. *In re Music House, Inc.*, 11 B.R. 139, 140 (Bkrptcy D.Vt.1980); *Matter of O.P.M. Leasing Services, Inc.*, 46 B.R. 661, 666 (Bkrptcy S.D.N.Y.1985). The Trustee must prove that the property transferred is property of the debtor's estate and that the transfer diminished the estate.

The general law is that "[a] transfer of money or property by a third person to a creditor of the debtor, that does not issue from the property of the debtor, is not a preference." 4 Collier on Bankruptcy 547.-25 at 98–99.

"The rule is the same regardless of whether the proceeds of the loan are transferred directly by the lender to the creditor or are paid to the debtor with the understanding that they will be paid to the creditor in satisfaction of his claim, so long as such proceeds are clearly 'earmarked'. But a payment by a debtor with borrowed money may constitute a preference under the Code where the loan so used was not made upon the condition that it should be applied to the particular creditor to whom it was paid over ..."

Id. at 101–102.

Several courts have applied this general law to their specific facts, *In re Sun Railings, Inc.*, 5 B.R. 538 (Bkrptcy S.D.Fla. 1980) (loan from third party to pay specific debt held not a preference); *In re Castillo*, 39 B.R. 45 (Bkrptcy D.Colo.1984) (payment by a non-debtor co-signer held not a preference); *Brown v. First National Bank of Little Rock, Arkansas*, 748 F.2d 490 (8th Cir.1984) (payment by a non-debtor co-signer held not a preference); *Matter of Villars*, 35 B.R. 868, 872 (Bkrptcy S.D.Ohio 1984) (Court upheld the general law, but found a preference on the facts).

■ In the case at bar, a third party, the debtor's mother-in-law, supplied the money to pay a specific creditor. The Court would be more comfortable if the mother-in-law had paid the money directly to the creditor. By entrusting the debtor with the money,

the debtor still had the power to dispose of it as she desired.

However, the funds were "earmarked" to repay a specific debt, and Carolyn Borgman did apply the money as instructed. Also, payment in no way diminished the debtor's estate. Finally, both *Collier's* and case law state that the general rule is the same regardless of whether the funds are paid directly to the creditor or paid to the debtor with the understanding a specific debt is to be repaid. The Court finds that the $2,500.00 never became part of the debtor's estate and the payment did not diminish the estate. Trustee failed to meet his burden of proof.

Therefore, it is

ORDERED that the Trustee's Complaint to Avoid Preferential Transfer is DENIED.