**In re The UNITED STATES BEDDING COMPANY, INC., a Minnesota corporation, and affiliated companies, Debtor.**

**The ENGLANDER COMPANY, INC., a Minnesota corporation, Plaintiff,**

**v.**

**CITY MATTRESS OF AMHERST, INC., aka City Mattress, Inc., a New York corporation, Defendant.**

**Bankruptcy Nos. LA 83–22062–JD to LA 83–22064–JD and LA 83–23421–JD Adv. No. LA 84–50711–JD.**

United States Bankruptcy Court, C.D. California.

Sept. 18, 1985.

Buchalter, Nemer, Fields, Chrystie & Younger, Los Angeles, CA, for plaintiff.

Joel L. Daniels, Buffalo, N.Y., for defendant.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

In this action plaintiff seeks to recover $44,820.00 plus interest for goods sold and delivered or alternatively, on an "account stated" or an "open book account". At trial it was stipulated on the record that during the period from September 26, 1983 through October 27, 1983 plaintiff manufactured and shipped to the defendant merchandise valued and invoiced at $43,910.00; and plaintiff failed to prove that it shipped merchandise to the defendant in any greater amount. Therefore, defendant is liable to plaintiff for $43,910.00, plus pre-judgement interest, unless defendant prevails, in whole or in part, on its affirmative defenses of setoff. Two basic issues are presented:

1. To what extent did the defendant establish the debts which it seeks to use as setoffs?

2. To what extent is defendant barred by 11 U.S.C. § 553(a)(3) from using these debts as setoffs?

### Extent To Which Defendant Established Debts

The principal debt which defendant seeks to use as a setoff resulted from an agreement reached sometime during August 1983 between officials of plaintiff and officials of defendant. In substance, the agreement provided that defendant was entitled to credits of $13,000.00; but that in order to induce defendant to resume doing business with plaintiff, these credits would be doubled to $26,000.00.[1] The parties also

---

1. From about 1979 to sometime in 1982 defendant had been a customer of plaintiff; but during 1982 defendant ceased doing business with plaintiff. Around May 1983 officials of plaintiff began negotiations with a view toward persuading defendant to again become a customer, culminating in the agreement of August 1983.

agreed that a discount of 15% would be given to defendant if defendant did certain advertising. While the record sufficiently establishes the agreement between the parties, it does not show that the defendant in fact did the required advertising. Therefore, a debt of $26,000.00 based upon the agreement has been established; however, the evidence is insufficient to establish any debt based upon the agreed 15% discount for advertising.

■ The record also fails to prove a debt owed to defendant for servicing merchandise purchased from plaintiff (see second affirmative defense and counterclaim). While the record contains various documents relating to servicing that defendants may have performed (see Defendant's Exhibits L and M), the record does not contain the agreement between the parties specifying the circumstances under which defendant would perform warranty service on merchandise purchased from plaintiff and the manner in which defendant would be reimbursed for such service.[2]

### Extent To Which § 553(a)(3) Bars Setoff

Section 553(a) of the Bankruptcy Code, 11 U.S.C. § 553(a) provides in part as follows:

"§ 553. Setoff.

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—"

\*    \*    \*    \*    \*    \*

"(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition:

(B) while the debtor was insolvent: and

(C) for the purpose of obtaining a right of setoff against the debtor."

■ In the view of this court, the above-quoted section bars the use as a setoff of the $26,000.00 in credits to which defendant was entitled following the agreement of August 1983. Plaintiff's bankruptcy petition was filed on November 29, 1983. Since the merchandise was shipped during the period from September 26, 1983 through October 27, 1983, the debt owed to plaintiff by defendant was clearly incurred by such creditor "after 90 days before the date of the filing of the petition" as required by subdivision (A).

The requirement of insolvency under subdivision (B) has also been established; since § 553(c) of the Bankruptcy Code, 11 U.S.C. § 553(c), provides as follows:

"(c) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

■ Defendant produced no evidence on the issue of insolvency and has therefore failed to rebut the presumption of insolvency quoted above. Cf. *Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1351 (8th Cir.1983); *In Re Air Florida System, Inc.*, 48 B.R. 437, 440 (Bkrtcy.S.D.Fla. 1985); *In Re Pippin*, 46 B.R. 281, 284 (Bkrtcy.W.D.La.1984).[3] Defendant contends that the debtor's schedules show that the debtor was solvent when its bankrupt-

---

**2.** It also appears that most of the claimed warranty services were performed by defendant after plaintiff had filed its bankruptcy petition (see Defendant's Exhibits L and M). Any debt arising from the performance of services after bankruptcy could not be used as a setoff in any

event, since there is no mutuality. *In Re Conti,* 50 B.R. 142, 147–148 (Bkrtcy.E.D.Va.1985).

**3.** The presumption in 11 U.S.C. § 553(c) quoted above is identical to the presumption in 11 U.S.C. § 547(f); therefore, cases construing the latter section have been quoted as analogous.

cy petition was filed and asks this court to take judicial notice of the schedules. Plaintiff, on the other hand, contends that the debtor's schedules "includes approximately $9,000,000.00 in 'other liquidated debts,' which are worthless receivables from affiliated Debtors or their subsidiaries, rendering the Debtor insolvent from a § 101(26)(A) standpoint." The court concludes that judicial notice of the debtor's schedules alone does not rebut the presumption of insolvency.

■ The requirement of subdivision (C) of § 553(a)(3) has also been established. It is clear from the record that when defendant ordered the merchandise which was shipped during the period from September 26, 1983 through October 27, 1983 it intended to use the credits to which it was entitled; therefore, the inference is clear that defendant incurred the debt arising from the shipment of the merchandise "for the purpose of obtaining a right of setoff against the debtor". Cf. *In Re Southern Industrial Banking Corp.,* 48 B.R. 306 (Bkrtcy.E.D.Tenn.1985); *In Re Utica Floor Maintenance, Inc.,* 31 B.R. 509 (Bkrtcy.N.D.N.Y.1983).

■ Defendant complains that plaintiff did not raise the bar of subdivision (3) of 11 U.S.C. § 553(a) in its pleadings. However, this court is of the view that plaintiff had no affirmative duty to do so since the exception is set forth in the very statute that authorizes setoff.[4] Moreover, pleadings may be amended at any time, even after judgment. Rule 15(b) of the Federal Rules of Civil Procedure, which is incorporated into Bankruptcy Rule 7015; *Dunn v. Trans World Airlines, Inc.,* 589 F.2d 408, 412–414 (9th Cir.1978).

### Jurisdiction

■ This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 157 and 1334. In the view of the undersigned, this is not a "core" proceeding under 28 U.S.C. § 157(b)(2), but a non-core or related proceeding. Cf. *Mohawk Industries v. Robinson Industries,* 46 B.R. 464, 465–466 (D.C. Mass.1985); *In Re Atlas Automation, Inc.,* 42 B.R. 246, 247 (Bkrtcy.E.D.Mich. 1984). Pursuant to 28 U.S.C. § 157(c) any final order or judgment in a non-core proceeding must be entered by the district judge unless all parties consent to the entry of such order or judgment by the bankruptcy judge. 28 U.S.C. § 157(c)(1) provides:

> "(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

Counsel for plaintiff is directed to serve and lodge proposed findings of fact and conclusions of law consistent with the foregoing for the signature of the undersigned, a proposed judgment for the signature of the district court, and a recommendation by the undersigned to the district court that the proposed judgment be signed.

---

4. It appears that counsel for both parties were unaware of the possible bar of subdivision (3) of 11 U.S.C. § 553(a) until sometime during trial.