**In re Donald Benton ROSE and Donna Sue Rose, Debtors.**

Thomas J. CARLSON,
Trustee, Plaintiff,

v.

Irene ROSE, Don B. Rose, et al., Defendants.

Thomas J. CARLSON,
Trustee, Plaintiff,

v.

Don B. ROSE, et al., Defendants.

Bankruptcy No. 85–02215–S–1–11.
Adv. Nos. 87–0089–S–1–11,
87–0090–S–1–11.

United States Bankruptcy Court,
W.D. Missouri.

May 13, 1988.

Thomas J. Carlson, Carlson & Myers, Springfield, Mo., for plaintiff.

Gerald D. Eftink, Van Hooser, Olsen & Parkinson, Kansas City, Mo., for Blues.

Richard Bender, Springfield, Mo., for debtors.

### MEMORANDUM ORDER AVOIDING JUDGMENT LIENS AS PREFERENCES

KAREN M. SEE, Bankruptcy Judge.

These adversary actions involve two real estate tracts debtors owned in Greene County and Polk County, Missouri (legal descriptions are in the amended complaints). The trustee originally sought four determinations: 1) determination of various Rose family defendants' interests in the property; 2) permission to sell the estate's interest in the tracts; 3) avoidance

of judgment liens obtained by defendants Blue against the tracts as preferences under 11 U.S.C. § 547 on the basis the liens arose within the 90–day period prior to bankruptcy; and 4) if the court finds the judgment liens arose within 90 days prior to bankruptcy, a determination that the liens should be avoided as preferences because the Blues allegedly did not meet their burden of rebutting the insolvency presumption of § 547(f).

The first two issues were resolved by Orders entered April 8 and April 21, 1988 in Adversary No. 87–0089 and No. 87–0090.

As to the third issue, in pleadings and at trial the Blues disputed the dates the judgment liens arose. However, after trial, in briefs and proposed findings of fact and conclusions of law, the Blues conceded that the judgment liens in Greene County and Polk County arose within the 90–day preference period and stated that the only remaining issue was whether debtors were insolvent when the judgment liens arose. Thus, every other element of a preference is admitted and only the issue of debtors' insolvency remains. The specific issue is whether the Blues rebutted the presumption under § 547(f) that debtors were insolvent at the time of the allegedly preferential transfer.

The Blues obtained a judgment against debtors on March 15, 1985, in U.S. District Court in Greene County. The judgment was filed with the Greene County Circuit Court Clerk on April 29 and the Polk County Circuit Clerk on May 7, 1985. Debtors filed bankruptcy on June 21, 1985. The judgment was rendered in federal court more than 90 days before bankruptcy, but it was transcripted to the Greene and Polk County Circuit Clerks within the 90 day period, thus creating judgment liens on real

property in the two counties within the 90 day period before bankruptcy.[1]

Under § 547(f) the debtor is presumed to be insolvent during the 90–day preference period before bankruptcy. That presumption requires the party against whom the presumption exists to come forward with evidence to rebut the presumption. *Clay v. Trader's Bank*, 708 F.2d 1347, 1351–52[3–5] (8th Cir.1983); *Matter of Emerald Oil Co.*, 695 F.2d 833, 837–38[3] (5th Cir.1983).

■ Several courts have considered the quantum of proof necessary to rebut the insolvency presumption. *E.g., In re Candor Diamond Corp.*, 68 B.R. 588, 592[3] (Bankr.S.D.N.Y.1986); *In re Zuni*, 6 B.R. 449, 451[1] (Bankr.D.N.M.1980); *In re Vasu Fabrics*, 39 B.R. 513, 516 (Bankr.D. N.Y.1983). Generally, the creditor must present competent evidence that demonstrates solvency through a balance sheet test at the time of the transfer. *Clay v. Trader's Bank*, 708 F.2d at 1351–52[5]. The shorter the time between the transfer and bankruptcy, the greater the proof required to rebut the presumption. *Matter of Villars*, 35 B.R. 868, 873 (Bankr.S.D. Ohio 1983).

Under the "balance sheet" definition of insolvency prescribed in 11 U.S.C. § 101(31)(A), the Court must determine whether at the time the judgment liens arose debtors' liabilities were greater than their assets. The evidence offered by the Blues to rebut the insolvency presumption was: 1) the testimony of debtors' ex-daughter-in-law as to her knowledge of debtors' ability to pay their bills; 2) a financial statement of debtors dated January 2, 1984, which date was one year and four months before the date the first judgement lien arose in Greene County; and 3) debtors' bankruptcy schedules.

1. A judgment lien created within 90 days before bankruptcy can be an avoidable preference under § 547. Creation of a lien that converts a creditor from unsecured to secured allows that creditor to receive a greater percentage of its claim than other creditors in the same class. *Deal Rent–A–Car, Inc. v. Levine*, 16 B.R. 873, 875[2] (S.D.Fla.1982), *aff'd* 721 F.2d 750 (11th Cir.1983). As noted above, the parties agreed that the judgment liens, which converted the Blues from unsecured to secured creditors, arose at the time they were transcripted to the county circuit clerks within 90 days before bankruptcy, and that the only remaining issue is whether debtors were insolvent at the time the liens arose. In regard to the conclusion that the federal court judgment created a lien only when it was transcripted to the county circuit clerk, see *In re B.P. Lientz Mfg. Co.*, 32 F.Supp. 233, 235 (W.D.Mo 1940).

■ The ex-daughter-in-law's testimony as to her knowledge of whether debtors were able to pay their bills on time does not indicate solvency under the balance sheet test. The financial statement dated January 2, 1984 is also not competent proof of debtors' solvency in April and May, 1985. Preparation of the financial statement one year and four months prior to the first alleged preferential lien is too remote in time to constitute sufficient evidence to rebut the presumption of insolvency in favor of the trustee. In accord, *In re Pippin*, 46 B.R. 281, 284[4–5] (Bankr.W.D.La. 1984), held a financial statement prepared only five months before the transfer insufficient to rebut the presumption of insolvency.

■ The third item of evidence offered to rebut the insolvency presumption was debtors' bankruptcy schedules. The assets listed in the schedules include $1.5 million in accounts receivable. Accounts receivable need not be taken at face value when circumstances cast doubt on their collectability. *Constructora Maza, Inc. v. Banco de Ponce*, 616 F.2d 573 (1st Cir.1973). At trial the trustee requested the Court take judicial notice that no money had been collected on the accounts receivable. The Blues have not offered evidence to establish a fair valuation of the accounts receivable. The bankruptcy schedules are not sufficient to rebut the presumption of insolvency.

The Court finds the Blues did not present sufficient competent evidence to rebut the presumption of insolvency. Since the presumption was not rebutted the trustee was not required to present additional evidence of insolvency. Accordingly, since every other element of a preference has been admitted by the Blues, and the Court hereby finds that debtors were insolvent at the time the judgment liens arose, every element of a preference has been established.

■ Finally, the Court rejects the Blues' argument in post-trial briefs that equity should not aid these debtors. In effect, the Blues argue that even if the elements of a preference have been established, to avoid the judgment liens would be inequitable because it would reward the debtors for their wrongdoing which was the basis of the judgment. The Blues are not the only creditors in this case. The goal of bankruptcy and the preference statute is equality of distribution among similarly situated creditors. Since the judgment liens are indeed preferential, it would be inequitable to favor the Blues and deprive other creditors of their share of the proceeds of these assets. It is not the debtors the Blues are battling, but rather the trustee of the bankruptcy estate who is not acting on behalf of the debtors. The trustee is obligated to act in the interests of all creditors. Setting aside the judgment liens as preferential will not reward the debtors for their wrongdoing since they will get no distribution from the proceeds. Further, the Court previously determined the Blues' judgment to be nondischargeable, allowing them to enforce the judgment against debtors after conclusion of the bankruptcy case, so debtors certainly have not been rewarded for their wrongdoing. For the foregoing reasons it is hereby

ORDERED that the judgment liens in favor of the defendants Blue, on real property in Polk County and Greene County, Missouri, as described in the trustee's complaints, are avoided as preferential transfers under 11 U.S.C. § 547.