In re Alan J. and Mary Frances ANT-WEIL, husband and wife, Hobbs Pipe and Supply, a general partnership, and Morris R. Antweil, Debtors.

Elliott JOHNSON, Trustee, Plaintiff,

v.

James KELLER, Francis Litt, Aaron Wechter, Marion Given, Bernard Fenenbock and the Estate of Sol Litt, IV, Defendants.

Elliott JOHNSON, Trustee, Plaintiff,

v.

James JENNINGS and Sim Christy, formerly d/b/a as Jennings & Christy Law Firm, et al., Defendants.

Elliott JOHNSON, Trustee, Plaintiff,

v.

William BARNHILL, Bravo Energy, Inc., et al., Defendants.

Bankruptcy No. 11–86–00254 MA.
Adv. Nos. 88–0134 M to 88–0136 M.

United States Bankruptcy Court,
D. New Mexico.

Oct. 24, 1988.

See also, Bkrtcy., 97 B.R. 65, Bkrtcy., 97 B.R. 69.

Nancy S. Cusack, Roswell, N.M., for plaintiff.

William J. Arland III, Albuquerque, N.M., for Barnhill.

John M. Caraway, Carlsbad, N.M.

Gail Gottlieb, Albuquerque, N.M., John E. Howland, Tulsa, Okl., for Cash Estate.

Edward D. Myers, Albuquerque, N.M., for Litt Estate.

P. Diane Webb, Albuquerque, N.M., Asst. U.S. Trustee.

### ORDER RESULTING FROM DEFENDANTS' MOTION TO DISMISS ACTIONS FILED BY TRUSTEE

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the defendants' motion to dismiss the preference actions filed by the trustee.

The question before the Court is how to count the 90 day period of Section 547(b)(4)(A).

The debtors filed voluntary petitions on February 18, 1986. The previous day was a federal holiday (President's Day). The checks at issue herein were dated November 19, 1985, a Tuesday.

■ In this Circuit the date of delivery of a check is the date that a transfer occurs if the check is presented for payment within the 30 days deemed reasonable by the Uniform Commercial Code and if the check is honored. *In re White River Corp.*, 799 F.2d 631 (10th Cir.1986).

The parties agree that, except as to the defendant William Barnhill, the transfers here at issue occurred on November 19, 1985.

It is the trustee's position that the Court should adopt the reasoning espoused in *In re Mailbag International, Inc.*, 28 B.R. 905 (Bkrptcy.D.Conn.1983) and the cases which hold that the 90 day period should be counted from the day of the transfer forward. In the instant case, the 90 day period would have expired on February 17, 1986. The trustee then argues that Bankruptcy Rule 9006(a) would come into play and extend the 90 day period until February 18, 1986, or 91 days from the date of transfer.

Defendants urge the Court to adopt the holding of *In re Enterprise Fabricators, Inc.*, 36 B.R. 220 (Bkrptcy.M.D.Tenn.1983), *In re Bates*, 35 B.R. 5 (Bkrptcy.D.S.C. 1983); and *In re Larson*, 21 B.R. 264 (Bkrptcy.D.Utah 1982) which find that the appropriate way to count is from the date of the filing of the petition backward. Employing this method, the 90th day is Wednesday, November 20, 1985.

■ The language of the statute is instructive, in my view. It provides that the transfer shall be voidable if it occurs "on or within 90 days before the date of the filing of the petition". It suggests that the count should be backward. It does not provide that the transfer is voidable if the petition is filed within 90 days thereafter. The operative date is the date of filing of the petition and the count should be from that date backward.

So finding, there is no necessity to determine if Rule 9006(a) can be read to extend the preference period to a period in excess of 90 days.

Defendants' motions are granted, except as to William Barnhill.